UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| DARRELL LAMAR FRITTS, )<br>)<br>    *Petitioner*, )<br>)<br>v. )<br>)<br>DAVID SEXTON, Warden, )<br>)<br>    *Respondent*. ) | No.: 3:11-cv-532<br>(VARLAN/SHIRLEY) |

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Darrell Lamar Fritts ("petitioner"). The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent and petitioner's response thereto. For the following reasons, the motion to dismiss [Doc. 9] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner challenges his 1986 convictions for burglary of an auto and first degree burglary, for which he received concurrent sentences of five years and six years, respectively. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the Court with copies of the relevant documents pertaining to petitioner's judgments of conviction and state habeas corpus proceedings. [Doc. 9, Motion to Dismiss, Attachments 1-11].

Petitioner pleaded guilty to burglary of an auto and first degree burglary on June 11, 1986. [Doc. 9, Attachment 1, Pleas of Guilty]. By Judgments entered the same day, he was

sentenced to concurrent terms of imprisonment of five years and six years, respectively. [Doc. 9, Attachment 2, Judgments]. Petitioner did not appeal his convictions or sentence, nor did he file a petition for post-conviction relief.

After his release from custody and while on parole, petitioner was convicted of the second-degree murder of Woodrow Eugene Pearson and sentenced to 25 years in prison. *State v. Darrell Fritts*, C.C.A. No. 132 (Tenn. Crim. App. Sept. 25, 1992), *perm. app. denied, id.* (Tenn. Feb. 1, 1993) (unpublished opinion) [Doc. 9, Attachment 3]. In numerous unsuccessful state post-conviction petitions concerning his second-degree murder conviction and state habeas corpus petitions concerning his burglary convictions, petitioner has alleged that his burglary convictions were void because the sentences should have been run consecutively and thus the burglary convictions should not have been used to enhance his sentence for second degree murder. For the most recent opinion of the Tennessee Court of Criminal Appeals discussing this claim and the related petitions, *see Fritts v. Carlton*, E2010-01574-CCA-R3-HC, 2011 WL 2416863 (Tenn. Crim. App. June 13, 2011), *perm. app. denied, id.* (Tenn. Sept. 21, 2011) [Doc. 9, Attachment 11].

Petitioner now raises in this Court the claim that his burglary convictions were void under Tennessee law. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner did not appeal his burglary convictions and the convictions thus became final on July 11, 1986, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[W]e hold that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence."). Because petitioner's sentence was imposed prior to the AEDPA, the time for filing a § 2254 motion challenging the burglary convictions expired April 24, 1997, which is one year from the effective date of the AEDPA. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

As noted, petitioner did not file a petition for post-conviction relief. He did file several state habeas petitions challenging his burglary convictions, the first on October 30, 2001. [Doc. 9, Attachment 5]. The petition was denied by the trial court on November 28, 2001. [Doc. 9, Attachment 7]. The case was concluded on June 2, 2003, when the Tennessee Supreme Court denied permission to appeal the decision of the Tennessee Court of Criminal Appeals affirming the denial of habeas corpus relief. [Doc. 9, Attachment 6]. At the time petitioner filed his first state habeas petition, however, the time for filing a federal habeas corpus petition had long expired.

Petitioner's federal habeas corpus petition was not filed until October 17, 2011. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of

3

Case 3:11-cv-00532   Document 12   Filed 06/08/12   Page 3 of 5   PageID #: 125

limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

In response to the motion to dismiss, petitioner claims he is entitled to equitable tolling of the statute of limitation simply because his convictions were void from the beginning. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden, Lebanon Correctional Institution*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation. The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE